**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BILLY DODSON**                                                                                                                      **PLAINTIFF**

**vs.**                                            **Case No. 4:03-CV-00983 GTE**

**JACK FITZHUGH, CHRIS HUGGINS,**
**JACKIE DAVIS, JOHN DODD, DENNIS**
**SANDERSON, and THE CITY OF CABOT,**
**ARKANSAS**                                                                                                                       **DEFENDANTS**

    **Consolidated with**

**BILLY DODSON**                                                                                                                      **PLAINTIFF**

**v.**                                            **Case No. 4:03-CV-00984 GTE**

**EDWARD SIMS, JR., JACK FITZHUGH, and**
**ROGER TONNESSEN**                                                                                            **DEFENDANTS**

    **Consolidated with**

**BILLY DODSON**                                                                                                                      **PLAINTIFF**

**vs.**                                            **Case No. 4:04-CV-00601 GTE**

**JACKIE DAVIS, CHARLIE**
**MARTIN, and THE CITY OF CABOT,**
**LONOKE COUNTY**                                                                                                       **DEFENDANTS**

**ORDER GRANTING SUMMARY JUDGMENT TO COUNTY DEFENDANTS**

Before the Court is a Motion for Summary Judgment filed by the Separate Lonoke

County Defendants, Charlie Martin and Lonoke County ("the County Defendants"). This action

involves three consolidated cases -- all filed by Plaintiff Billy Dodson, proceeding *pro se*, and all

involving similar or related claims. The County Defendants, however, are named only in Case

No. 4:04-CV-601. Plaintiff has not responded to the County Defendants' motion. The Court concludes that the County Defendants are entitled to judgment as a matter of law.

## FACTS WITHOUT MATERIAL CONTROVERSY

Plaintiff's Complaint in 4:04-CV-00601 makes three claims: (1) that he was denied a prompt first appearance before a judicial officer; (2) that he was subjected to excessive bail; and (3) that he was prosecuted without appropriate representation, since the Judge appointed the city attorney, rather than the public defender, to represent him in his criminal case.

The undisputed facts show the following:

(1) Plaintiff was booked into the Lonoke County Detention Center on July 6, 2002, at 6:12 p.m;[1]

(2) Plaintiff appeared before the Circuit Judge for his plea and arraignment less than 48 hours later;

(3) Plaintiff's bond was set by the Circuit Judge who presided over his state court criminal action; and

(4) Plaintiff's counsel was appointed by the Circuit Judge who presided over his state court criminal action.

(Separate Defendants' Statement of Facts, Docket No. 49).

In resolving the County Defendant's motion, the Court need not address Plaintiff's other allegations concerning his alleged arrest on June 20, 2002 by the Cabot Police Department. The County Defendants have no responsibility in connection with the acts or omissions by the Cabot

---

[1] Although Plaintiff has not responded, the County's version of the dates appear to be consistent with Plaintiff's allegations. Plaintiff's Complaint acknowledges that he was "moved from the Cabot City jail to the Lonoke County Detention Center a few days" after the filing of formal charges on July 3, 2002.

Police Department or their agents.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986).  However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. Rule 56(e).  The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

The undisputed facts show that Plaintiff was taken before a judicial officer on July 8, 2002, less than 48 hours after Plaintiff was placed in the custody of the Separate County Defendants (July 6, 2002, at 6:12 p.m.).  The Arkansas Supreme Court has approved a 72 hour delay for a First Appearance Hearing when there is a good reason for such delay, such as a holiday weekend.  *Johnson v. State*, 307 Ark. 525, 823 S.W.2d 440 (1992).  The Court takes judicial notice that July 6, 2002 was on a Sunday of a holiday weekend (July 4, 2002 was on Friday).

The Court holds that the 48 hour delay in this case did not violate Plaintiff's federal rights and that the County Defendants are entitled to judgment as a matter of law on this claim.

The Court further holds that the County Defendants have neither the authority nor the duty to set Plaintiff's bail or to appoint counsel.  The duty to perform such tasks falls upon the judicial officer.  *See Walden v. Carmack*, 156 F.3d 861 (8th Cir. 1998)(citing Ark. R. Crim. P. §§

8.5 and 9.2 and finding that the setting of bail is the function of the judicial officer and not the sheriff); Ark. R. Crim. P. § 8.2, "Appointment of Counsel" ("the court shall appoint counsel").

Plaintiff contends that all of the Defendants "should have made sure Plaintiff had access to legal counsel since Plaintiff had requested legal counsel numerous times during his incarceration."   The law, however, imposes no such duty on the County Defendants.

The Court concludes that the County Defendants are entitled to judgment as a matter of law on all of the claims asserted by Plaintiff in Case No. 4:04-cv-00601.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT the Motion for Summary Judgment filed by Separate Defendants Lonoke County, Arkansas, and Charlie Martin (Docket No. 47) be, and it is hereby, GRANTED.   Said Defendants are hereby dismissed from this action.

IT IS SO ORDERED this   29th    day of March, 2006.

          ___/s/Garnett Thomas Eisele_____
          UNITED STATES DISTRICT COURT